# EXHIBIT A

| STATE OF INDIANA | ) | IN THE BOONE CIRCUIT/SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF BOONE | ) | SITTING AT LEBANON, INDIANA |

RYAN GALVAN, )
)
   Plaintiff, )
) Cause No.:
v. )
)
SCOTT EHLE and FLINT GROUP, )
)
   Defendants. )

## COMPLAINT

COMES NOW, the Plaintiff, Ryan Galvan, (hereinafter "Ryan"), by counsel, and in his cause of action against the Defendants, states as follows:

1. That all of the substantive and operative events herein occurred within the territorial confines and boundaries of Boone County, Indiana.

2. That at all times relevant herein, Defendant Flint Group (hereinafter "Flint Ink" or "Flint") was a for-profit foreign corporate entity doing business in Indiana, including Boone County, by and though its employees and/or authorized agents, including, but not limited to, Defendant Scott Ehle (hereinafter "Ehle"), in the scope and course of his/their employment and/or agency, and was a global leader in the production of print consumables using specialty chemicals for the print and packaging industries, and was so doing, on and before August 27, 2022, at/upon the premises of DS Smith Packaging in Lebanon, Indiana, wherein Defendant Ehle was a/the Regional Commercial Manager for Flint.

3. That on or about August 27, 2022, the Plaintiff, Ryan, was an invitee, rightfully upon his work premises in Lebanon, Boone County, Indiana, duly performing work for his employer, DS Smith Packaging, as a conversion supervisor, in an area and/or upon machine equipment or instrumentality owned, possessed, and/or controlled by, and placed there by, Flint.

4. That on or about August 27, 2022, a Flint supplied press ink machine was malfunctioning- adding a color when not needed. Ryan called Ehle- the Flint regional manager who provided the machine and supervised the functioning of the machine on site at DS Smith. Ehle eventually instructed and ordered Ryan to turn an air valve knob on the side of the press machine to cut off the air and stop the dispensing of the errant color flow. Ryan repeated the instructed order back to Ehle and was assured by Ehle to do so and that this was the knob to turn to correct the problem with the machine.

5. That Ehle possessed superior knowledge to that of Plaintiff of the machine and its functioning, operation, capabilities, and performance.

6. That Flint owned, installed, placed, possessed, controlled, managed, and maintained the subject machine at issue in this case.

7. On and before August 27, 2022, Ehle, and Flint Ink by and though its employees and/or authorized agents in the scope and course of their employment and/or agency, owed Ryan, and other invitees working or duly upon the premises, a duty to use reasonable care in the ownership, management, operation, possession, and control of the subject machine; a duty to use reasonable care in the inspection, maintenance, modification, and repair of the machine; a duty to

warn of hazards; a duty to protect invitee workers from dangerous conditions emanating from the machine; and to otherwise make the machine reasonably safe so as to avoid causing harm, injury, loss, and damages to persons duly working on the premises such as Plaintiff.

8. However, on and before August 27, 2022, the Defendants, and each of them, breached the foregoing duty or duties, and were negligent and/or reckless in one or more of the following respects, *inter alia*:

   a. Defendants owned the subject machine but failed to exercise reasonable and due care in the activity occurring relative to and involving the machine;

   b. Defendants allowed a dangerous condition, latent and unanticipated by Ryan, to exist in the facility premises in the form of its/their machine, exposing those on the work premises, such as Ryan, to harm;

   c. Defendants failed to timely warn Ryan of the dangerous latent and unanticipated condition existing in and with the machine by means of verbal, written, or other warnings which would have made plaintiff aware of the dangerous condition;

   d. Defendants knew or by the exercise of reasonable care ought to have known the machine and condition of the machine on the facility premises constituted and involved an unreasonable risk of harm to Ryan and under such circumstances would be unsafe and likely result in injury to Ryan;

   e. Defendants should have reasonably expected that Ryan would not discover or realize the aforesaid danger posed by the malfunctioning machine and Ehle's directions or would be unable or fail to protect himself from the aforesaid danger;

   f. Defendants failed to exercise reasonable care to protect Ryan against the aforesaid danger;

   g. Defendants knew or reasonably should have anticipated the harm caused to Ryan by the aforesaid activity and conditions;

   h. Ehle violated and/or failed to comply with applicable OHSA, ANSI or other similar accepted industry customs and standards in force and effect at the time with regard

to safely correcting the ink machine dispenser malfunction and/or guiding others to attempt do so;

i. Ehle gave Ryan careless, dangerous, and bad instructions regarding correcting the machine malfunction;

j. Ehle failed to possess reasonable and adequate knowledge of the machine, which he was in charge of and responsible for, necessary to instruct others, such as plaintiff, as to how to rectify the machine when it malfunctioned;

k. Ehle failed to enlist the knowledge and assistance of qualified persons to rectify the machines malfunction;

l. Defendants left the machine set up in a position to deliver hazardous toxic chemicals at all continuous times, rather than, in a manner to deliver such solvent on a periodic basis only;

m. Defendants failed to provide or timely provide Ryan with personal protective equipment (PPE) to prevent or limit toxic hazardous chemical exposure;

n. Defendants failed to follow proper procedures for preventing hazardous toxic chemical exposure to persons like Ryan;

o. Defendants chose to expose workers like Ryan to hazardous toxic chemical exposure by allowing them\Ryan to work on the machine; and/or

p. Defendants were otherwise negligent and/or reckless in failing to act or use the same care that a reasonably prudent entity or person would have used under the same or substantially similar circumstances.

9. As a direct and proximate result of the foregoing negligence and/or recklessness, and despite Ehle's assurance that it was safe for Ryan to turn the knob, Ryan was immediately sprayed all over his upper body/torso, into his eyes, and into his mouth- as he was speaking- with hazardous and toxic chemicals, and inhaled their gases, fumes, and/or vapors, that clean an internal part(s) of the machine, including, but not limited to, anilox roll cleaner and hydrotreated petroleum

distillate.

10. As a further direct and proximate result of the foregoing, Ryan suffered personal injury, including, but not limited to, pressure, aches, and pain to his head, expelling blood from his mouth and throat, damage/loss of basic human senses, breathing difficulty, and altered voice; incurred and will incur hospital, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, accompanying mental anguish; emotional distress; lost earnings capacity and lost wages; and sustained other injuries and losses of a personal and pecuniary nature.

11. That at all times relevant herein, Ehle was an employee and/or agent of Flint, acting in the scope and course of that employment and/or agency, in Boone County, Indiana.

12. That Flint is vicariously liable under the doctrine of *Respondeat Superior* for the negligent acts and/or omissions of its employees and/or authorized agents committed while in the scope and course of their employment and/or agency, as aforesaid, including, but not limited to, Defendant Scott Ehle.

13. In addition, Flint negligently hired, trained, supervised, and retained Ehle when it knew or should have known Ehle was incompetent in, or incapable of, operating or trouble shooting the machine in a safe and prudent manner or guiding others dependent upon Ehle, such as Plaintiff, in operating or rectifying errant machine operation.

WHEREFORE, Plaintiff respectfully seeks judgment in his favor and against the Defendants, and each of them, in an amount to be determined herein, for the costs of this action, for attorney fees, and for any and all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

**WALTER J. ALVAREZ, P.C.**
*Attorneys for Plaintiff*

/s/Brock P. Alvarado
Brock P. Alvarado (16348-45)
1524 West 96th Avenue
Crown Point IN 46307
(219) 662-6400
Email: brock@gowithalvarez.com

## JURY DEMAND

Plaintiff demands trial by jury as to all allegations raised in his Complaint.

**WALTER J. ALVAREZ, P.C.**
*Attorneys for Plaintiff*

/s/Brock P. Alvarado
Brock P. Alvarado (16348-45)

| STATE OF INDIANA | ) | IN THE BOONE CIRCUIT/SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF BOONE | ) | SITTING AT LEBANON, INDIANA |

RYAN GALVAN,             )
                         )
    Plaintiff,           )
                         )   Cause No.:
    v.                   )
                         )
SCOTT EHLE and FLINT GROUP,  )
                         )
    Defendants.          )

### APPEARANCE BY ATTORNEY IN CASE

Party Classification:    Initiating  _X_   Responding ___   Intervening

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): **RYAN GALVAN**

2. Applicable attorney information for service as requested by Trial Rule 5(b)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

   Name: Walter J. Alvarez     Atty. Number: 2383-45    Email: alvarezpclaw@aol.com
   Name: Brock P. Alvarado     Atty. Number: 16348-45   Email: brock@gowithalvarez.com
   Address: 1524 W. 96th Avenue              Phone Number: (219) 662-6400
            Crown Point, IN 46307            Fax Number: (219) 662-6410

3. There are other party members: Yes ___ No _X_ (If yes, list on continuation page)

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administration Rule 9(b)(3): _____CT_____

5. I will NOT accept service by FAX at any number.

6. This case involves support issues. Yes ___ No _X_ (If yes, supply social security numbers for all family members on continuation page.)

7. There are related cases: Yes ___ No _X_ (If yes, list on continuation page.)

8. This form has been served on all other parties,
   Certificate of Service Attached: Yes ___ No _X_

9. Additional information required by local rule: _____

                                                /s/Brock P. Alvarado
                                                Brock P. Alvarado (16348-45)
                                                Attorney-at-Law
                                                Attorney information shown above